# EXHIBIT A

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (216752)
tfriedman@toddflaw.com
Adrian R. Bacon (280332)
abacon@toddflaw.com
23586 Calabasas Rd., Ste. 105
Calabasas, CA 91302
Telephone: (323) 306-4234

LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
Zev B. Zysman (176805)
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 700
Encino, CA 91436
Telephone: (818) 783-8836

*Attorneys for Plaintiff and the Proposed Class*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/6/2025 9:57:22 AM

Clerk of the Superior Court
By E. Lopez ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

ALEXIS ERDOS-MAJOR, on Behalf of Herself and All Others Similarly Situated,

Plaintiff,

v.

SAKS OFF 5TH LLC AND SAKS GLOBAL ENTERPRISES LLC, and DOES 1 through 100, inclusive,

Defendants.

Case No: 25CU041311C

**CLASS ACTION**

**COMPLAINT FOR:**

**STATUTORY DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Alexis Erdos-Major ("Plaintiff"), brings this action against Defendants Saks OFF 5TH LLC and Saks Global Enterprises LLC, and DOES 1-100 (collectively referred to as "Saks OFF 5TH" or "Defendants") on behalf of herself, and all others similarly situated, upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, as follows:

**INTRODUCTION**

1. This class action arises out of Defendants' policy and practice to record and/or monitor,[1] without the consent of all parties, inbound telephone calls made to Saks OFF 5TH's customer service telephone number in violation of California's Invasion of Privacy Act, California Penal Code §630, *et seq*. Saks OFF 5TH's telephone number at 801-207-7043 may be referred to as "Defendants' customer service telephone number."

2. During the relevant time period, Defendants intentionally and surreptitiously recorded and/or monitored telephone calls made to the customer service telephone number. Defendants did so without warning or disclosing to inbound callers that their calls might be recorded or monitored.

3. Defendants' policy and practice of recording and monitoring telephone conversations without the consent of all parties violates the California Invasion of Privacy Act (Penal Code §§ 630, *et seq*. ("CIPA")). Specifically, Defendants' acts and practices violate Penal Code § 632.7. Penal Code § 632.7 is violated the moment the recording or monitoring of a telephone communication is made without the knowledge or consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording or monitoring to break California law, or to invade the privacy rights of any other person. Moreover, there is no requirement under Penal Code § 632.7 that the communication be confidential.

---

[1] "Monitor," as used in this Complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act. Thus, "monitor" will be used in lieu of "intercept" throughout this Complaint.

4. Penal Code § 630, *et seq.* plays an important role in protecting the privacy of California residents. As recognized by the California Supreme Court, secret monitoring and recording "denies the speaker an important aspect of privacy of communication – the right to control the nature and extent of the firsthand dissemination of his statements." *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985) (citations omitted). The California Supreme Court has declared that California has a "strong and continuing interest in the full and vigorous application" of the provisions that prohibit "the recording of telephone conversations without the knowledge or consent of *all* parties to the conversations." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 126 (2006) (italics in original). In *Kearney*, the California Supreme Court explained that if a company wants to record calls as part of its routine business activity, it can avoid liability by giving an appropriate warning at the beginning of each call. "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Id* at 118. Furthermore, businesses can take unfair advantage of consumers if they do not disclose that the calls are being recorded, by "selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' existence (or quickly destroying them) when they would be detrimental to the company. . ." *Id* at 126. The California Supreme Court has declared that Penal Code § 632.7 makes it illegal to record *any* communication involving cellular or cordless telephones without regard to whether the communication is "confidential." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, fn. 2 (2002). Moreover, in *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 202-203 (2021), the California Supreme Court held that Penal Code "section 632.7 prohibits parties as well as nonparties from intentionally recording a communication transmitted between a cellular or cordless telephone and another device without the consent of all parties to the communication."

5. As a result of Defendants' violations, all individuals, who called the customer service telephone number, while they were in California and were recorded and/or monitored by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages as set forth in Penal Code § 637.2 and injunctive relief as detailed therein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the cause of action asserted herein pursuant to Article VI, § 10 of the California Constitution, California Penal Code §§ 632.7 and 637.2. In the aggregate, the damages caused to the members of the Class as defined below exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the Class individually has suffered damages of, at least, $75,000.

7. This Court has personal jurisdiction over the Defendants named herein because Defendants do sufficient business in California, have sufficient minimum contacts with California or otherwise intentionally avails themselves of the markets within California through their systematic and continuous business activities and operations here to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice. Specifically, Defendants advertise, market and sell merchandise through a variety of formats in a massive multi-prong advertising campaign, including in digital, print, online, and mail which target consumers throughout California as well as call center platforms which serves consumers throughout California. In addition, Plaintiff's rights were violated in California and these violations arose out of her contact with Defendants from and within California. Further, there is no federal question at issue as the claims herein are based solely on California law.

8. Venue is proper in this Court since because California Code of Civil Procedure §§395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the State that plaintiff desires. On information and belief, as of the date this Complaint was filed, Defendants are foreign business entities that have failed to designate a principal place of business in California with the office of the Secretary of State. Thus, Defendants have no right to any particular venue and Plaintiff may file this Complaint in any county in California. *See Hardin v. San Jose City Lines*,

103 Cal. App. 2d 688, 689 (1951); *see also Easton v. Sup. Ct.* (*Schneider Bros., Inc.*) 12 Cal. App. 3d 243, 246-247 (1970).

**THE PARTIES**

**A. Plaintiff**

9. Plaintiff Alexis Erdos-Major (herein referred to as "Plaintiff") is an individual and resident of California. It is alleged that on June 18, 2025 and July 1, 2025, while Plaintiff was physically present in the State of California, she called Saks OFF 5TH's customer service telephone number at 801-207-7043 and had telephonic communications with live representatives of Defendants while using her cellular telephone. Plaintiff is informed and believes and thereon alleges, that the communications were surreptitiously recorded and/or monitored by Defendants, without first providing her notice and without first obtaining her consent to record and/or monitor the telephone communications.

**B. Defendants**

10. Defendant Saks OFF 5TH LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters located at 225 Liberty Street, New York, New York. Saks OFF 5TH LLC, is a leading off-price fashion company selling clothing and accessories, and is a sister brand to the luxury retail store Saks Fifth Avenue. Saks OFF Fifth LLC operates approximately 100 off-price retail stores across the U.S. and Canada, including 13 stores in California. Saks OFF 5TH LLC offers live customer service for consumers who can initiate purchases and return of products through inbound telephone calls with captive live agents as part of its direct-to-consumer strategies. Saks OFF 5TH LLC advertises and markets its products through a wide range of formats, including in digital, print, internet, and mail, which is aimed at California consumers.

11. Defendant Saks Global Enterprises LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters located at 225 Liberty Street, New York, New York. On information and belief, Saks OFF 5TH LLC is a subsidiary of Saks Global Enterprises LLC.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendants' employees, agents, and representatives were and are directed, trained and instructed to, and do, record and/or monitor incoming telephone communications made to the customer service telephone number between the customer service representatives and callers, including California callers.

**C. Doe Defendants**

13. The true names and capacities of defendants sued in this Complaint as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES 1 through 100 when such identities become known. For ease of reference, Plaintiff will refer to the named defendants Saks OFF 5TH LLC and Saks Global Enterprises LLC, and the DOE defendants collectively as "Defendants."

**D. Agency/Aiding And Abetting**

14. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

15. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

16. Whenever reference is made in this Complaint to any act of " Saks OFF 5TH LLC" and/or "Saks Global Enterprises LLC" or "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so within the scope of their employment or agency.

## CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendants

17. On June 18, 2025 and thereafter on July 1, 2025, while located within California, Plaintiff placed telephone calls to Defendants and while using her cellular telephone. On both occasions, Plaintiff called Saks OFF 5TH's customer service telephone number at 801-207-7043. During the call on June 18, 2025, Plaintiff obtained information with a live representative of Defendants about merchandise and made a purchase with the representative on the telephone. Thereafter, on July 1, 2025, Plaintiff called Saks OFF 5TH's customer service telephone number at 801-207-7043 regarding the original purchase (Order Number: 126363250) of the products and inquired about Saks OFF 5TH's return and refund policy with a live representative of Defendants. Plaintiff is informed and believes, and based thereon alleges, that the telephone number connected Plaintiff to Defendants' live customer service representatives.

18. On both occasions shortly after Plaintiff's telephone calls to Saks OFF 5TH on June 18, 2025 and thereafter on July 1, 2025, Plaintiff received an email from Saks OFF 5TH as part of a survey in connection with her customer care experience with the live customer service representatives.

19. During these inbound telephone communications with employees, agents, or representatives of Defendants, Plaintiff revealed sensitive, private, and confidential financial information, including but not limited to her full name, home address, email address, cellular telephone number, and credit card information. At no point during any of these inbound

telephone communications was Plaintiff ever informed that her communications were being recorded and/or monitored. At no point during the inbound telephone communications did Plaintiff give her consent for the telephone communications to be recorded or monitored, and she was entirely unaware that Defendants were engaged in that practice during the telephone communications. On information and belief, these inbound telephone communications were recorded and/or monitored by Defendants, without Plaintiff's knowledge or consent.

**B. Defendants' Conduct Violated Penal Code Penal Code § 632.7**

20. Plaintiff is informed and believes and thereon alleges, that Defendants recorded and/or monitored said inbound telephone communications. Defendants failed to verbally warn Plaintiff, at the outset of the telephone communications, of Defendants' intent to record and/or monitor the communications. Defendants failed to provide an automated, pre-recorded verbal warning at the call outset to warn Plaintiff that the communications were being recorded or monitored. Plaintiff did not give, and could not have given consent for the telephone communications to be recorded or monitored because she was entirely unaware that Defendants were engaged in that practice during the telephone communications.

21. Because Defendants failed to warn Plaintiff at the outset of the telephone communications that the communications were being recorded and/or monitored and her consent for recording or monitoring of the telephone communications never was sought, Plaintiff had an objectively reasonable expectation that her telephone communications with Defendants' employees, agents, or representatives were not being recorded or monitored. That recording and/or monitoring occurred without her consent, is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the Class proposed herein.

22. Plaintiff is further informed and believes and thereon alleges, that during the Class Period, Defendants have intentionally utilized certain computer hardware and/or software technology and/or other equipment ("Call Recording and/or Monitoring Technology") to execute a company-wide policy and practice of recording and/or monitoring inbound telephone communications with callers, including California callers.

23. Plaintiff is further informed and believes and thereon alleges, that Defendants installed and/or utilized Call Recording and/or Monitoring Technology on its consumer-facing telephone line. This Call Recording and/or Monitoring Technology enabled Defendants to record and/or monitor telephone communications with callers, including California callers, and allowed them to store these recordings for various purposes.

24. Plaintiff is further informed and believes and thereon alleges, that Defendants' employees, agents, and representatives were and are directed, trained, and instructed to, and did record and/or monitor inbound telephone communications made to Saks OFF 5TH's customer service telephone number at 801-207-7043 from California callers, including Plaintiff, without their consent.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

25. Plaintiff brings this lawsuit on behalf of an ascertainable statewide Class consisting of the following (the "Class"):

> All persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ("Class Period"), called Defendants' customer service telephone number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendants' employee(s) or representative(s) and were recorded and/or monitored by Defendants without warning or disclosure at the call outset.

26. Excluded from the Class are all employees of Defendants, all attorneys and employees of Defendants' counsel, all attorneys and employees of Plaintiff's Counsel, and the judicial officers to whom this matter is assigned and their staff.

27. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate subclasses, in response to facts learned through discovery, legal argument advanced by Defendants, or otherwise.

28. This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

29. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 persons. Moreover, Plaintiff alleges that the precise number of Class members and their location can be ascertained though appropriate discovery and records held by Defendants and/or Defendants' telephone company's and/or other telecommunications and service providers' records regarding calls from California area codes to Defendants' customer service telephone number. Such records, including without limitation call detail records, purchase records, customer records, call lists, and the secret recordings themselves, can be used to determine the size of the Penal Code § 632.7 Class and to determine the identities of individual Penal Code § 632.7 Class members. This information may then be used to contact potential Class members.

30. There is a well-defined community of interest in the questions law and fact affecting the parties represented in this action.

31. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual members of the Class.

32. Among the questions of law and fact common to the Class are, *inter alia*:

a. Whether Defendants have or had a policy and practice of recording and/or monitoring inbound telephone calls made to Saks OFF 5TH's customer service number;

b. Whether Defendants installed Call Recording and/or Monitoring Technology to implement their policy of recording and/or monitoring inbound telephone calls with callers;

c. Whether Defendants' employees, agents, or representatives were directed, trained,

and instructed to, and did, record and/or monitor inbound telephone calls with callers in order to implement the Defendants' policy and practice of recording and/or monitoring telephone calls with callers;

d. Whether Defendants' policy and practice of recording and/or monitoring inbound telephone calls included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded and/or monitored telephone call that the telephone call was being recorded and/or monitored;

e. Whether Defendants failed to warn Class members who participated in an inbound telephone call with the Defendants that the telephone call was being recorded and/or monitored;

f. Whether Defendants have or had a policy or practice of not obtaining consent to record and/or monitor telephone calls made to Saks OFF 5TH's customer service number;

g. Whether Defendants' recording and/or monitoring of Plaintiff's and Class members' inbound telephone calls without warning or disclosure at the call outset constitutes violations of California Penal Code § 632.7;

h. Whether Plaintiff and each Class member are entitled to statutory damages of five thousand dollars ($5,000) under California Penal Code § 637.2(a)(1) for each violation of California Penal Code § 632.7; and

i. Whether Plaintiff and Class members are entitled to injunctive relief under California Penal Code § 637.2(b) to enjoin or restrain the Defendants from committing further violations of California Penal Code § 632.7.

33. Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class member's claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class members.

34. Plaintiff will fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, is subject to no unique defenses, and has retained counsel competent and experienced in the prosecution of complex litigation and class actions.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the damages suffered by each Class member are low, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

36. The prosecution of individual actions by California Penal Code § 632.7 Class members would run the risk of establishing inconsistent standards of conduct for Defendants.

37. Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making injunctive relief and statutory damages pursuant to California Penal Code § 637.2 appropriate with respect to the Class as a whole. Likewise, Defendants' conduct as described above is unlawful, capable of repetition, and could continue unless restrained and enjoined by the Court.

38. Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendants are given an opportunity to conduct discovery on the chosen representative(s). Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

## FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7

**(By Plaintiff and the Class Against Defendants Saks OFF 5TH LLC and Saks Global Enterprises LLC, and DOES 1 through 100, Inclusive)**

39. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

40. On June 18, 2025 and thereafter on July 1, 2025, and while physically

present in California, Plaintiff used her cellular telephone to dial Defendants' customer service telephone number at 801-207-7043 and participated in telephone communications with Defendants' live customer service representatives.

41. Plaintiff alleges on information and belief that, within the applicable statute of limitations, Plaintiff and the Class members, while physically present in California, called Defendants' customer service telephone number and participated in telephone communications with live representatives of Defendants while using a cellular or cordless telephone, which communications were recorded and/or monitored by Defendants without the consent of Plaintiff and the Class members. Defendants did not notify Plaintiff and the Class members at the call outset that their communications were being recorded and/or monitored. Nor did Defendants provide an automated, pre-recorded warning at the call outset that their communications were being recorded and/or monitored.

42. Penal Code § 632.7 prohibits the recording or monitoring of *any* communication without the consent of all parties where at least one of the parties to the communication is using a cellular or cordless telephone. There is no requirement under Penal Code § 632.7 that the communication be confidential. Defendants violated Penal Code § 632.7 in their telephone communications with Plaintiff and the Class during the Class Period. Plaintiff is informed and believes and thereon alleges that, Defendants as a standard business practice, has intentionally made use of a Call Recording and/or Monitoring Technology that enabled Defendants to surreptitiously record and/or monitor communications with Plaintiff and the Class members, that were made to Defendants' customer service telephone number on cellular or cordless telephones, without obtaining their consent.

43. Because Defendants did not disclose to Plaintiff or Class members who called the Defendants' customer service telephone number, at the call outset, that their calls were being recorded and/or monitored, Defendants did not obtain, and could not have obtained, Plaintiff or Class members consent to the recording or monitoring of those conversations. Indeed, Plaintiff and the Class had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arises, in part, and is

supported by the fact that: (1) Defendants are required by law to inform persons it receives calls from, at the outset of the communication, of its intent to record and/or monitor the calls; (2) Businesses that record and/or monitor telephone calls customarily do so inform the persons they receive calls from, at the outset of the communication; and (3) Defendants did not inform Plaintiff and Class members who called Defendants' customer service telephone number, at the outset of the communications, that their telephone communications were being recorded and/or monitored, nor did Defendants seek to obtain their consent to record and/or monitor. In the business-call context, the California Supreme Court has stated, "in light of the circumstances that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is *not* being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 (2006).

44. Due to these violations as set forth herein, Plaintiff and Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2(a)(1), even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations pursuant to California Penal Code § 637.2(b).

45. Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for judgment against Defendants as follows:

1. For an order certifying this matter as a class action;

2. For an order declaring that Defendants' actions, as described herein, violate California Penal Code § 632.7;

3. For an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2(a)(1);

4. For appropriate injunctive relief under California Penal Code § 637.2(b);

5. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

6. For costs of the suit incurred herein;

7. For prejudgment interest at the legal rate; and

8. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for Plaintiff and the Class on all claims so triable.

Dated: August 6, 2025

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**LAW OFFICES OF ZEV B. ZYSMAN, APC**

By: ______________________
Todd M. Friedman
Adrian R. Bacon
Zev B. Zysman

*Attorneys for Plaintiff and the Class*